UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DUSTIN D. ABERNATHY,                )
                                    )
              Plaintiff,            )
                                    )
       vs.                          )      No. 1:15-cv-0553-TAB-TWP
                                    )
CAROLYN W. COLVIN Acting            )
Commissioner of Social Security,    )
                                    )
              Defendant.            )

**ORDER**

### I.    Introduction

Plaintiff Dustin D. Abernathy appeals the Administrative Law Judge's denial of his

Social Security applications for Disability Insurance Benefits and Supplemental Security

Income.  Plaintiff argues: (1) the ALJ erred in finding no mental disability under listing 12.05C

because of Plaintiff's alcohol and substance abuse, (2) the ALJ erred in failing to summon a

medical advisor to testify as to whether Plaintiff's mental impairments combined to equal a listed

impairment, and (3) substantial evidence does not support the ALJ's step five determination that

Plaintiff can perform some jobs in the economy.  For the reasons below, Plaintiff's brief in

support of appeal [Filing No. 16] is denied and the Commissioner's decision is affirmed.

### II.    Background

Plaintiff applied for Disability Insurance Benefits and for Supplemental Security Income

alleging disability beginning on November 14, 2009.  The claims were denied initially and upon

reconsideration.  On November 12, 2013, Plaintiff, represented by an attorney, testified at a

hearing before the ALJ.  On January 30, 2014, the ALJ issued her decision, finding Plaintiff

not disabled.  [Filing No. 11-2, at ECF pp. 27-28.]

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant time period.  [Filing No. 11-2, at ECF p. 12.]  At step two, the ALJ found that Plaintiff's severe impairments included "obesity; diabetes mellitus; hypertension; depression with psychotic features; mood disorder not otherwise specified; history of bipolar disorder I and II; personality disorder not otherwise specified; generalized anxiety disorder; panic disorder; attention deficit hyperactive disorder; attention deficit disorder; history of  learning disorder; polysubstance dependency including alcohol, amphetamine, and cannabis."  [*Id.*]  At step three, the ALJ found that Plaintiff did not meet or equal any relevant listing.  [Filing No. 11-2, at ECF p. 13.]

At step four the ALJ undertook two separate Residual Functional Capacity analyses.  The first was based on all of Plaintiff's disorders, including substance abuse disorders.  The second considered Plaintiff if he stopped his substance abuse.  The ALJ found in both analyses that Plaintiff has the RFC to perform medium work with the following limitations: he can lift and carry 50 pounds occasionally and 25 pounds frequently; sit, stand, and walk each for 6 of 8 hours every workday; occasionally balance, kneel, stoop, crouch, crawl, climb ramps or stairs; never climb ladders, ropes, or scaffolds; and cannot be exposed to unprotected heights or dangerous machinery.  The ALJ also found under both analyses that Plaintiff has the mental capacity to perform unskilled tasks with no interaction with the public and no more than occasional contact with coworkers and supervisors.  [Filing No. 11-2, at ECF pp. 16, 21.]

The RFC analyses differ in two respects: (1) the percentage of time Plaintiff needs to be off task, and (2) Plaintiff's required number of monthly absences.  The ALJ found—if Plaintiff continues his substance abuse—Plaintiff must be allowed to be off task 15% of the workday in addition to regularly scheduled breaks, and must be allowed an average of two absences per

month.  Conversely, if Plaintiff stopped his substance abuse, he would only need to be off task 10% of the workday, in addition to regularly scheduled breaks, and would only require an average of one absence per month.  [*Id.*]

Plaintiff has no past relevant work.  [Filing No. 11-2, at EFC p. 18.]  At step five, the ALJ relied on the testimony of a Vocational Expert to conclude that there were no jobs in the national economy that Plaintiff could perform.  However, the ALJ found that if Plaintiff stopped his substance abuse he could perform jobs in the national economy as a laundry worker, a cleaner II, or an agriculture packer.  [Filing No. 11-2, at EFC pp. 26-7.]  The ALJ concluded that Plaintiff was not disabled because his substance abuse disorder is a contributing factor material to the determination of disability, and Plaintiff would not be disabled if he stopped his substance abuse.  [Filing No. 11-2, at EFC p. 27.]  This decision became final when the Appeals Council denied Plaintiff's request for review.  This appeal followed.

## III.   Standard of review

The Court must uphold the ALJ's decision if substantial evidence supports her findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).  "The substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120 (7th Cir. 2014).  The ALJ is obliged to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010).  If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore,* 743 F.3d at 1123.  The ALJ, however, need not mention every piece of evidence, so long as she builds a logical bridge from the evidence to her conclusion. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).

## IV.   Discussion

*A. Disability finding*

Plaintiff argues that the ALJ erred in finding no disability under listing 12.05C (intellectual disability) because of Plaintiff's alcohol and substance abuse.  Plaintiff argues that the ALJ "arbitrarily rejected" the psychological evaluation given by Dr. Yee on July 24, 2016, which listed Plaintiff's I.Q. as 68 and diagnosed Plaintiff with mild mental retardation.  [Filing No. 16, at ECF p. 9.]  Plaintiff also argues that he successfully showed adaptive functioning deficits before the age of 22.  In support of this assertion, Plaintiff cites *King v. Barnhart*, 2007 WL 968746, at *3 (S.D. Ind. Feb. 26, 2007), which held that special education classes could be evidence of onset deficits in adaptive functioning before the age of 22.  Although Plaintiff never took special education classes, he argues that his inability to pass five grades in school was reasonably equivalent to special education.  [Filing No. 24, at ECF p. 3.]

Defendant correctly notes that in order to meet listing 12.05C, Plaintiff was required to show that he had significantly sub-average general intellectual functioning with deficits in adaptive functioning before the age of 22.  [Filing No. 22, at ECF p. 4.]  This comes in addition to the following paragraph C requirements: Plaintiff must show an I.Q. of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.  20 C.F.R. pt. 404, Subpt. P, App. 1, § 12.05C.

Plaintiff argues that the ALJ arbitrarily rejected Dr. Yee's 2012 consultative evaluation. However, the Court finds that the ALJ adequately explained why she afforded Dr. Yee's opinion little weight.  Dr. Yee's cognitive testing—done years after Plaintiff was 22—was inconsistent with other cognitive tests taken shortly before the age of 22 which showed Plaintiff functioning in the average range of intelligence.  [Filing No. 11-2, at ECF p. 12; Filing No. 11-6, at ECF pp.

82, 86.]  In 1982, 1985, and 1988, mental examinations of Plaintiff showed that he had an I.Q. of 96, 99, and 100 respectively.[1]  [Filing No. 11-6, at ECF p. 82.]  Further, none of Plaintiff's own mental health providers diagnosed him with mild mental retardation.  [Filing No. 11-2, at ECF p. 12.]  Though Plaintiff repeated five grades, he managed to obtain his GED.  Plaintiff's school psychologist also reported that she felt Plaintiff was functioning in the average range of intelligence and other factors—hyperactivity, poor attitude, and poor motivation—influenced his poor academic performance.  [Filing No. 11-2, at ECF p. 13.]  Substantial evidence supports the ALJ's finding that Plaintiff failed to satisfy the requirements for listing 12.05C before the age of 22.

Plaintiff next argues that the ALJ failed to consider his low GAF scores of 40 and 50 as evidence of his disability.  In support of this argument, Plaintiff gives a list of cases with little context, no discussion, and no pinpoint citations to specific text from these cases.  [Filing No. 16, at ECF p. 11-12.]  While the ALJ's discussion was admittedly sparse, she appropriately considered the GAF scores in her analysis of the evidence.  The ALJ stated that GAF scores are useful for planning treatment and are measures of both the severity of symptoms and of functional level.  Further, she noted that GAF scores do not reflect a clinician's opinion of functional capacity.  [Filing No. 11-2, at ECF p. 26 (citing *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)).]  "[N]owhere do the Social Security regulations or case law require an ALJ to determine the extent of an individual's disability based entirely on his GAF score."  *Denton,* 596 F.3d at 425 (quoting *Wilkins v. Barnhart*, 69 F. App'x 775, 780 (7th Cir. 2003)).  The ALJ reasonably took account of Plaintiff's GAF score, along with other factors, in finding non-disability.

---

[1] Plaintiff was 10, 13, and 16 years old respectively

Plaintiff cites to *Jackson v. Massanari*, 2001 WL 1415002 (N.D. Ill. May 25, 2001), to challenge the ALJ's determination that Plaintiff's polysubstance abuse was material to his disability. However, Plaintiff's case is distinguishable from *Jackson*. In *Jackson*, the ALJ's denial decision—based on a polysubstance addiction disorder—was reversed when the ALJ found that the plaintiff did not have a severe mental impairment absent her drug and alcohol abuse despite evidence that her mental impairments were independent, primary impairments. *Jackson* at *3. In the instant case, the ALJ did find that Plaintiff had severe mental impairments outside of his substance abuse and fully accounted for them in the RFC analysis. [Filing No. 11-2, at ECF pp. 19, 20-1.] Nevertheless, the ALJ still reasonably found that Plaintiff did not meet any listing requirements.

The ALJ reasonably found that Plaintiff's impairments did not meet listing 12.05C. The burden is on the claimant to prove that he is disabled. In *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987), Justice Powell stated "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." The regulations themselves explain that the Social Security Administration "will find that your impairment[s] meet[] the requirements of a listing when it satisfies all the criteria of that listing." 20 C.F.R. § 404.1525(c)(3). Plaintiff failed to show that he met all the necessary requirements to satisfy listing 12.05C.

### B.   Medical Advisor

Plaintiff next argues the ALJ failed to summon a medical advisor to testify as to whether Plaintiff's combined mental impairments medically equaled any listed impairment. Relying on *Hickman v. Apfel*, 187 F.3d 683 (7th Cir. 1999) (citing 20 C.F.R. § 404.1526(b) (1999)), Plaintiff

argues medical equivalence is a medical issue that must be based on medical opinion and not on the ALJ's layperson opinion.  Plaintiff's argument is flawed.

As Defendant rightly notes, the current standard no longer requires that a decision of medical equivalence be based solely on medical evidence.  *See* 20 C.F.R. § 404.1526(b) (2015) (removing such language). While an ALJ is required to consider the medical opinion of a physician or psychologist designated by the Commissioner, the ALJ is not bound by the consultant's findings.  The ultimate legal question of whether a listing is met or equaled is the responsibility of the ALJ.  *Young v. Astrue*, No. 12-317, 2013 WL 501752, *5 (S.D. Ind. Feb. 8, 2013).

In July 2012, Dr. F. Kladder concluded Plaintiff could perform unskilled work on a sustained basis, [Filing No. 11-9, at ECF p. 68], and Dr. Joelle Jarsen affirmed this decision in November 2012.  [Filing No. 11-11, at ECF p. 103.]  The opinions of these state agency psychologists are consistent with the totality of the evidence.  For example, there is evidence that Plaintiff showed motivation and ability to sustain work while complying with treatment for his substance abuse. [Filing No. 11-10, at ECF pp. 27, 57.]  The state agency medical opinions, therefore, support the ALJ's determination that Plaintiff did not meet or medically equal a listing.

Dr. Yee—on whose opinion Plaintiff heavily relies—failed to address the role of Plaintiff's substance abuse in his medical evaluation and conceded Plaintiff's history of substance abuse could contribute to his low functioning.  [Filing No. 11-2, at ECF p. 24.]  The ALJ followed the updated regulations, rulings, and case law.  After an analysis of the evidence, the ALJ reasonably found that Plaintiff did not have a medically determinable impairment or a combination of impairments that equaled a listing.

### C. Jobs in the economy

Plaintiff argues that the ALJ's step five determination was erroneous because the ALJ's determination was contrary to the VE's testimony.  The VE testified that there would be no work available for an individual who would need to be off task 15% of the work day and who must be allowed two absences per month.  [Filing No. 11-2, at EFC p. 19.]  Substantial evidence, however, supports the ALJ's finding that there are sufficient jobs in the economy that Plaintiff could perform.

While it is true that the VE testified that there would be no work for an individual under the conditions listed above, those figures were based off the analysis of Plaintiff's RFC while he continued his substance abuse.  If Plaintiff discontinued his substance abuse, the figures would be reduced to needing to be off task only 10% of the day and requiring only one absence per month.  [Filing No. 11-2, at ECF p. 21.]  Under those conditions, the VE testified that there were representative occupations available in the national economy.  [*Id.* at ECF p. 27.]  This testimony supports the conclusion that if Plaintiff stopped his substance abuse there would be a significant number of jobs in the national economy that he could perform.  [*Id.* at ECF p. 26.]  The ALJ reasonably found the substance abuse disorder to be a contributing factor material to the determination of disability. Therefore, the ALJ's determination was not contrary to the VE's testimony.

Plaintiff further contends that the ALJ's RFC assessment improperly attempted to account for his impairments by simply limiting him to unskilled work.  Plaintiff supports this argument by comparing this case to *Yost v. Astrue*, 2012 WL 2814373 at *20 (N.D. Ill. July 10, 2012), in which the Commissioner was reversed because the court "[could] not know whether

8

the ALJ sufficiently addressed the limitations of concentration, persistence and pace by instructing the VE to consider only unskilled jobs."  Plaintiff's comparison fails.

The RFC adequately reflected Plaintiff's mental impairments, moderate restrictions in social functioning, and problems maintaining concentration, persistence, or pace, in a way that distinguishes this case from *Yost*.  [Filing No. 22, at ECF p. 11.]  Here, the ALJ did not limit Plaintiff to simple, routine tasks.  Rather, the ALJ's hypothetical expounded Plaintiff's needs: regular breaks, limited interaction with coworkers and supervisors, the need to be off task 10% of the work day, and necessary monthly absences.  [Filing No. 11-2, at ECF pp. 20-21.]  The ALJ reasonably accounted for Plaintiff's mental limitations in the RFC findings and in the hypothetical question posed to the VE.

## V.      Conclusion

Plaintiff has not demonstrated that the ALJ committed reversible error.  The Court denies Plaintiff's brief in support of appeal [Filing No. 16] and affirms the Commissioner's decision.

Date:  6/7/2016

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution:

Patrick H. Mulvany
patrick@mulvanylaw.com

Kathryn E. Olivier
United States Attorney's Office
kathryn.olivier@usdoj.gov